**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TIYANGELO PRESTON, | |
| Plaintiff, | Case No. 2:26-cv-00509-ALM-SCS |
| v. | Judge Algenon L. Marbley |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., | Magistrate Judge S. Courter Shimeall |
| Defendants. | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., by its attorneys

and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers

Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

**COMPLAINT ¶1:**

This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

**ANSWER:**

First Advantage admits that Plaintiff brings this action under the Fair Credit Reporting

Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") to recover his alleged damages.  First Advantage denies

that it violated the FCRA, and further denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶2:**

The FCRA is a federal statute designed to protect  consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to

ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. See 15 U.S.C. § 1681a.

**ANSWER:**

First Advantage admits that the FCRA is a federal statute.  First Advantage denies the

remaining allegations in Paragraph No. 2 of the Complaint.

**COMPLAINT ¶3:**

To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 3 of the Complaint.

**COMPLAINT ¶4:**

The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 4 of the Complaint.

**COMPLAINT ¶5:**

Defendant First Advantage has produced and sold consumer reports concerning Plaintiff's background that wrongfully and misleadingly reported inaccurate convictions on Plaintiff's consumer report.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 5 of the Complaint.

**COMPLAINT ¶6:**

As a result of First Advantage's wrongful conduct, Plaintiff was damaged by, without limitation, loss of employment, suffering harm to her employment qualifications, loss of income, and considerable stress and anguish.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 6 of the Complaint.

## PARTIES

**COMPLAINT ¶7:**

Plaintiff Tiyangelo Preston is a natural person and resident of the State of Ohio and qualifies as a "consumer" as defined and protected by the FCRA.

**ANSWER:**

First Advantage admits that Plaintiff is a natural person and a "consumer" as that term is defined in Section 1681a(c) of the FCRA.  Upon information and belief, First Advantage admits that Plaintiff is a resident of the State of Ohio.  First Advantage denies the remaining allegations in Paragraph No. 7 of the Complaint.

**COMPLAINT ¶8:**

Defendant First Advantage Background Services Corp. ("First Advantage") is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to  third parties" in exchange for monetary  compensation, by means of interstate commerce.  Defendant  First Advantage is a Florida corporation that maintains its primary place of business at 1 Concourse Parkway, NE, Suite 200, Atlanta, Georgia 30328.

**ANSWER:**

First Advantage admits that some of its business activities, including assembling information on consumers for the purpose of furnishing consumer reports to third parties, make it a "consumer reporting agency" under the FCRA as to those activities only.  First Advantage also admits the allegations in the second sentence of Paragraph No. 8 of the Complaint.  First Advantage denies the remaining allegations in Paragraph No. 8 of the Complaint.

## JURISDICTION AND VENUE

**COMPLAINT ¶9:**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  Defendant regularly conducts business within the State of Ohio and violated Plaintiff's rights under the FCRA in the State of Ohio as alleged more fully below.

**ANSWER:**

First Advantage admits the allegations in the first sentence of Paragraph No. 9 of the

Complaint and further admits that it conducts business in the State of Ohio.  First Advantage

denies the remaining allegations in Paragraph No. 9 of the Complaint.

**COMPLAINT ¶10:**

Venue is proper in this District under 28 U.S.C. 1391(b) because Defendant conducts
regular business in this District, and communications giving rise to this action occurred in this
District.

**ANSWER:**

First Advantage admits that venue is proper in this judicial district.  First Advantage

denies the remaining allegations in Paragraph No. 10 of the Complaint.

**FACTUAL ALLEGATIONS**

**COMPLAINT ¶11:**

Sometime prior to March 23, 2026, Plaintiff applied for employment with Abacus
Corporation ("Abacus").

**ANSWER:**

Upon information and belief, First Advantage admits the allegations in Paragraph No. 11

of the Complaint.

**COMPLAINT ¶12:**

Around that time, Abacus contracted with Defendant First Advantage to purchase a
consumer background report on Plaintiff to assess Plaintiff's employability.

**ANSWER:**

First Advantage admits that Abacus Corporation ordered a background report on Plaintiff

from First Advantage on March 23, 2026.  First Advantage denies the remaining allegations in

Paragraph No. 12 of the Complaint.

**COMPLAINT ¶13:**

On or about March 26, 2026, Defendant First Advantage provided Abacus with a consumer background report on Plaintiff.

**ANSWER:**

First Advantage admits that it completed a background report on Plaintiff for Abacus on March 26, 2026. First Advantage denies the remaining allegations in Paragraph No. 13 of the Complaint.

**COMPLAINT ¶14:**

To Plaintiff's shock, on or about April 9, 2026, Abacus informed Plaintiff that Plaintiff was being denied employment due to the results of the background check provided by Defendant.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 14 of the Complaint.

**COMPLAINT ¶15:**

When Plaintiff reviewed the consumer report prepared by Defendant, Plaintiff was horrified to see that Defendant was reporting a case record for case number 2018 CR 00317 out of Fairfield County Common Pleas and Municipal Court with a felony conviction for "BURGLARY".

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 15 of the Complaint.

**COMPLAINT ¶16:**

Plaintiff was upset and frustrated because the record listed in the background report provided by Defendant was factually incorrect and materially misleading.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 16 of the Complaint.

**COMPLAINT ¶17:**

The accurate charge in Case Number 2018 CR 00317 is for forgery, not burglary.

**ANSWER:**

Upon information and belief, First Advantage admits that Plaintiff was convicted of forgery in Case No. 2018 CR 00317.  First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 17 of the Complaint.

**COMPLAINT ¶18:**

Burglary is a serious felony potentially involving the use or threat of violence and can be considered a crime against safety and personal space.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 18 of the Complaint.

**COMPLAINT ¶19:**

In contrast, forgery is never considered a violent crime or a crime against safety or personal space.  While a forgery may still have consequences, it does not carry the same level of stigma and penalty as a conviction for burglary, a crime that would indicate violent tendencies.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 19 of the Complaint.

**COMPLAINT ¶20:**

By reporting Plaintiff as having been convicted of burglary, Defendant has materially misrepresented Plaintiff's criminal history.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 20 of the Complaint.

**COMPLAINT ¶21:**

The CFPB recently issued guidance affirming that "consumer reporting agencies must comply with their FCRA obligation to 'follow reasonable procedures to assure maximum possible accuracy' under section 607(b).  In particular, a consumer reporting agency that reports public record information is **not** using reasonable procedures to assure maximum possible accuracy if it does not have reasonable procedures in place to ensure that… it includes any existing disposition information if it reports arrests, criminal charges, eviction proceedings, or other court filings." CFPB, *Advisory Opinion on Fair Credit Reporting; Background Screening*, **89 Fed. Reg. 4171** (Jan. 23, 2024) (*FCRA Background Screening AO*).

**ANSWER:**

First Advantage admits that the Consumer Financial Protection Bureau published a

document that contains the language quoted in Paragraph No. 21 of the Complaint.  First

Advantage denies the remaining allegations in Paragraph No. 21 of the Complaint.

**COMPLAINT ¶22:**

Moreover, "[a] violation is willful when it is inconsistent with 'authoritative guidance' from a relevant agency.  As with any guidance issued by the CFPB on the FCRA… consumer reporting agencies risk liability… if they violate the FCRA in a manner described in this advisory opinion, regardless of whether the consumer reporting agencies were previously liable for willful violations prior to its issuance." *Id.*

**ANSWER:**

First Advantage admits that the Consumer Financial Protection Bureau published a

document that contains the language quoted in Paragraph No. 22 of the Complaint.  First

Advantage denies the remaining allegations in Paragraph No. 22 of the Complaint.

**COMPLAINT ¶23:**

Nonetheless, Defendant associated this inaccurate conviction information with Plaintiff to his prospective employer and, as a result, the Plaintiff was denied employment.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 23 of the Complaint.

**COMPLAINT ¶24:**

Because of the inaccurate information provided to Abacus by Defendant, Plaintiff was denied employment.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 24 of the Complaint.

**COMPLAINT ¶25:**

As a direct result of Defendant's inaccurate reporting, Plaintiff lost out on income. Additionally, Plaintiff has suffered emotional distress and frustration, including humiliation, financial instability, and feeling like Plaintiff has been represented as a perpetrator of crimes for which, as a matter of law, Plaintiff has not been found guilty.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 25 of the Complaint.

**COMPLAINT ¶26:**

Upon information and belief, had Defendant not erroneously and inaccurately reported Plaintiff's criminal record on Plaintiff's background report, Plaintiff would not have been denied employment.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 26 of the Complaint.

**COMPLAINT ¶27:**

Upon information and belief, Defendant fails to maintain and employ reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 27 of the Complaint.

**COMPLAINT ¶28:**

Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting more information is more profitable than reporting less and potentially leaving information off of a consumer report.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 28 of the Complaint.

**COMPLAINT ¶29:**

For example, upon information and belief, Defendant allowed an inaccurate charge to appear on Plaintiff's consumer report without first confirming the accuracy with the actual court records, which are readily and publicly available.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 29 of the Complaint.

**COMPLAINT ¶30:**

Defendant regularly seeks out and procures criminal case information with the intention of including it in the consumer reports it sells for profit.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 30 of the Complaint.

**COMPLAINT ¶31:**

Defendant knows or has reason to know the effect of a consumer's criminal record on the assessment of their employability.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 31 of the Complaint.

**COMPLAINT ¶32:**

Instead of employing reasonable procedures as required by the FCRA, Defendant blindly collects information from unreliable third-party vendors to repackage and sell in its own employment screening products.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 32 of the Complaint.

**COMPLAINT ¶33:**

Alternatively, upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is of maximum possible accuracy.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 33 of the Complaint.

**COMPLAINT ¶34:**

Defendant, a sophisticated employment screening consumer reporting agency, is aware that criminal information is often inaccurate or incomplete.

**ANSWER:**

First Advantage admits that it is a sophisticated background screening company and that some of its businesses make it a "consumer reporting agency" under the FCRA as to those activities only. First Advantage denies the remaining allegations in Paragraph No. 34 of the Complaint.

9

**COMPLAINT ¶35:**

Upon information and belief, Defendant purchased Plaintiff's information from one or more third-party vendors that merely compile criminal data from various online sources without verifying its accuracy with actual court records.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 35 of the Complaint.

**COMPLAINT ¶36:**

Upon information and belief, none of Defendant's third-party vendors warrant the accuracy of the information they sell.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 36 of the Complaint.

**COMPLAINT ¶37:**

Upon information and belief, Defendant does not exercise due diligence in ensuring it is contracting with and/or utilizing reliable third-party vendors.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 37 of the Complaint.

**COMPLAINT ¶38:**

Upon information and belief, Defendant does not conduct periodic quality assurance audits to ensure that it is receiving reliable consumer information from its third-party vendors.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 38 of the Complaint.

**COMPLAINT ¶39:**

Upon information and belief, Defendant has been sued by consumers under the FCRA in the past for erroneously reporting inaccurate criminal records.

**ANSWER:**

First Advantage admits that it has been sued under the FCRA by individuals who alleged

that First Advantage reported inaccurate criminal records information without following

reasonable procedures to assure maximum possible accuracy of the information concerning the

individuals about whom the reports relate, but First Advantage denies that it violated the law.

First Advantage denies the remaining allegations in Paragraph No. 39 of the Complaint.

**COMPLAINT ¶40:**

Therefore, Defendant has notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 40 of the Complaint.

**COMPLAINT ¶41:**

Upon information and belief, Defendant knew that the furnisher or third-party vendor provides inaccurate consumer data with some regularity.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 41 of the Complaint.

**COMPLAINT ¶42:**

Upon information and belief, Defendant blindly relied on the information provided by the furnisher or third-party vendor despite having reason to know it may be unreliable.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 42 of the Complaint.

**COMPLAINT ¶43:**

Upon information and belief, Defendant does not maintain reasonable procedures to assure it reports consumer information with maximum possible accuracy because it would be more expensive to independently verify the accuracy of the information it includes in its consumer reports.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 43 of the Complaint.

**COMPLAINT ¶44:**

It is wholly unreasonable for Defendant to maintain procedures that it knows often lead to inaccurate consumer reporting with grave consequences.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 44 of the Complaint.

**COMPLAINT ¶45:**

Despite knowing that its procedures are unreasonable, Defendant recklessly, knowingly, and/or negligently fails to employ procedures that assure that maximum possible accuracy of consumer information compiled and published in its consumer reports.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 45 of the Complaint.

**COMPLAINT ¶46:**

Upon information and belief, Defendant does not independently investigate the information it procures from third-party vendors before including it in consumers' background reports.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 46 of the Complaint.

**COMPLAINT ¶47:**

Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 47 of the Complaint.

**COMPLAINT ¶48:**

The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 48 of the Complaint.

**COMPLAINT ¶49:**

Upon information and belief, Defendant knew or should have known that employers make decisions on employment decisions on employment status based solely on the information contained in its consumer reports.

12

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 49 of the Complaint.

**COMPLAINT ¶50:**

Upon information and belief, Defendant knew or should have known the negative impact that reporting a consumer's inaccurate criminal record was likely to have on that consumer's employment status.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 50 of the Complaint.

**COMPLAINT ¶51:**

Upon information and belief, Defendant purchases public record information from third-party vendors.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 51 of the Complaint.

**COMPLAINT ¶52:**

Upon information and belief, those third-party vendors explicitly disclaim the accuracy of the information they provide to Defendant.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 52 of the Complaint.

**COMPLAINT ¶53:**

Upon information and belief, Defendant reports and publishes the information provided by the third-party vendors without verifying its accuracy.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 53 of the Complaint.

**COMPLAINT ¶54:**

Upon information and belief, Defendant knows or has reason to know that the third-party vendors it procures consumers' information from often provides inaccurate, misleading, and incomplete records.

13

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 54 of the Complaint.

**COMPLAINT ¶55:**

Upon information and belief, Defendant reports and publishes unverified public records information without employing reasonable procedures to assure its accuracy because employing such procedures would cut into its profits.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 55 of the Complaint.

**COMPLAINT ¶56:**

At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 56 of the Complaint.

**COMPLAINT ¶57:**

As a direct result of Defendant's conduct, Plaintiff was denied employment with Abacus.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 57 of the Complaint.

**COMPLAINT ¶58:**

As a direct result of Defendant's conduct, Plaintiff lost out on income from Abacus.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 58 of the Complaint.

**COMPLAINT ¶59:**

As a further direct result of Defendant's conduct, Plaintiff suffered mental distress, including humiliation, embarrassment, defamation, and frustration.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 59 of the Complaint.

14

**COMPLAINT ¶60:**

As a direct result of Defendant's inaccurate and/or misleading reporting, Plaintiff has suffered actual damages including, but not limited to: job denial, loss of income, wasted time, financial insecurity, reputational harm and emotional distress, including but not limited to, humiliation, embarrassment, stress, and frustration.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 60 of the Complaint.

**COMPLAINT ¶61:**

Defendant's violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 61 of the Complaint.

**COMPLAINT ¶62:**

Alternatively, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 62 of the Complaint.

**COMPLAINT ¶63:**

In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 63 of the Complaint.

**COUNT I**
**Violation of the FCRA, 15 U.S.C. § 1681e(b)**

**COMPLAINT ¶64:**

Plaintiff repeats and realleges the allegations in paragraphs 1-63 as if fully set forth herein.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 63 of the Complaint as its answer to Paragraph No. 64 of the Complaint.

**COMPLAINT ¶65:**

The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible*** accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b) (emphasis added).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 65 of the Complaint.

**COMPLAINT ¶66:**

First Advantage violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff in its consumer reports.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 66 of the Complaint.

**COMPLAINT ¶67:**

Specifically, First Advantage willfully, intentionally, recklessly, and/or negligently violated § 1681e(b) by inaccurately and/or misleadingly reporting Plaintiff's criminal record with a felony conviction for burglary.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 67 of the Complaint.

**COMPLAINT ¶68:**

First Advantage's misconduct was a direct and proximate cause of Plaintiff's injuries, as alleged herein.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 68 of the Complaint.

**COMPLAINT ¶69:**

First Advantage is therefore liable to Plaintiff for its willful and/or negligent failures to follow reasonable policies and procedures.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 69 of the Complaint.

**COMPLAINT ¶70:**

As a result of First Advantage's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 70 of the Complaint.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment:

i.      Awarding Plaintiff statutory money damages, actual damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii.     Awarding attorneys' fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii.    Awarding any other such relief as this Court may deem just and proper.

**ANSWER:**

Plaintiff's allegations constitute a prayer for relief requiring neither an admission or denial by First Advantage.  To the extent an answer is required, First Advantage denies that Plaintiff is entitled to any relief whatsoever.

**JURY DEMAND**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

17

**ANSWER:**

First Advantage admits that Plaintiff demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

Plaintiff is not entitled to punitive damages because First Advantage engaged in good faith efforts to comply with the FCRA, First Advantage's reading of its obligations under the FCRA was and is objectively reasonable, and any purported violations were not willful.

## SECOND DEFENSE

To the extent Plaintiff has failed to mitigate his alleged damages, any recovery should be reduced accordingly.

Respectfully submitted,

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.

By: */s/  Daniel R. Birnbaum*
Daniel R. Birnbaum
Ohio Bar No. 89747
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:   (312) 460-5000
dbirnbaum@seyfarth.com

Attorneys for Defendant

Date:  June 16, 2026

## CERTIFICATE OF SERVICE

I hereby certify that, on June 16, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all counsel of record.

/s/ Daniel R. Birnbaum
Daniel R. Birnbaum